# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**RONALD DALE CORK, II,**
**Petitioner Below, Petitioner**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-76** (Fam. Ct. Harrison Cnty. No. 22-D-156-5)

**DAWNA ANNETTE CORK,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald Dale Cork, II appeals the "Decree of Divorce" entered by the Family Court of Harrison County on January 30, 2023. Mr. Cork asserts that the family court abused its discretion by mischaracterizing marital and separate assets, miscalculating equitable distribution, and failing to consider his marital waste argument or his request for *Conrad* credits.[1] Respondent Dawna Annette Cork filed a response that included cross assignments of error, asserting that the family court miscalculated equitable distribution, failed to include the fair market value of the marital home in its equitable distribution calculation, and failed to attribute her *Conrad* credits.[2] Mr. Cork filed a reply brief.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision, but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the family court's decision is affirmed, in part, reversed, in part, and remanded to the family court with directions as set forth herein.

The parties were married on September 8, 2012, and separated on June 1, 2021. No children were born of the marriage. During the marriage, Mr. Cork and his brother jointly inherited real property ("Buffalo Lake" property) from their late father. Divorce hearings

---

[1] *See Conrad v. Conrad*, 216 W. Va. 696, 612 S.E.2d 772 (2005) (per curiam) (holding that the recoupment of payment of marital debt by one party prior to the ultimate division of marital property is permitted upon final equitable distribution order).

[2] Mr. Cork is represented by Sarah L. Petitto-Meyers, Esq. Ms. Cork is self-represented.

1

were held on November 9, 2022, and December 9, 2022. During these proceedings, Ms. Cork alleged that the Buffalo Lake property had a marital component because a Note of Deed and Trust was conveyed to her on February 6, 2017, and Mr. Cork paid $14,187 to satisfy a debt associated with the Buffalo Lake property. Mr. Cork testified that the conveyance to Ms. Cork took place solely to ensure that the property could not be sold by Mr. Cork's brother, with whom he was having a dispute.

The final divorce order was entered on January 30, 2023. The final order categorized guns and tools as marital property and held that the $14,187 debt was paid with marital funds and is a marital asset. The family court further held that Ms. Cork did not commit marital waste. It is from the January 30, 2023, order that the parties now appeal.

For these matters, we use the following standard of review:

"In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, __ W. Va. __, __, 887 S.E.2d 255, 258 (Ct. App. Nov. 18, 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

Mr. Cork asserts two assignments of error, which we will address in turn. In his first assignment of error, Mr. Cork asserts that the family court abused its discretion as to its characterization and assignment of marital and separate assets. Specifically, Mr. Cork contends that the family court failed to characterize the guns and tools as his separate property. He also maintains that the family court wrongfully included the $14,187 payment toward the lien on the Buffalo Lake property in the parties' equitable distribution calculation. As to guns and tools, we agree with Mr. Cork that both should have been categorized as his separate property. Mr. Cork stated on the record before the family court that the guns and tools were his separate property, Ms. Cork did not object below, and she admits on appeal that they are Mr. Cork's separate property.

Regarding the $14,187 payment toward the lien on Mr. Cork's inherited property, the family court properly included that amount in its equitable distribution calculation. West Virginia Code § 48-1-233(2)(A)(2001) defines marital property as:

[t]he amount of any increase in value in the separate property of either of the parties to a marriage, which increase results from: (A) an expenditure of funds which are marital property, including an expenditure of such funds

2

which reduces indebtedness against separate property, extinguishes liens, or otherwise increases the net value of separate property ….

Here, the family court found that the payment made by Mr. Cork to satisfy the lien on the Buffalo Lake property was made from marital funds. Therefore, the family court was correct to include the $14,187 in its equitable distribution calculation.

Next, Mr. Cork argues that the family court abused its discretion with respect to the distribution of the parties' debts and assets by failing to take Ms. Cork's marital waste into account and by failing to consider *Conrad* credits paid by Mr. Cork. Regarding Mr. Cork's marital waste argument, we disagree. The family court ruled that "[n]either party proved that there was a waste of marital assets nor did either party prove that the funds expended by wife . . . were pre-marital funds." Under these circumstances, with insufficient proof offered by both parties, we find that the family court did not abuse its discretion in finding there was no marital waste. The issue of *Conrad* credits is outside the scope of our review, as the issue was not raised in family court by either party. The Supreme Court of Appeals of West Virginia has previously held that "[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (per curiam) (citation omitted).

In her response brief, Ms. Cork raises three cross assignments of error, which we will address in turn. As her first assignment of error, Ms. Cork asserts that the family court erred when it made only a portion of Mr. Cork's savings account subject to equitable distribution. We disagree. Mr. Cork's savings account had $154,000 prior to the marriage. At the date of separation, the account had a balance of $287,420.55. The family court found that "[b]ecause there was no contention by either party that the $154,000 had been disturbed during the marriage, an unequal division of the account is warranted such that Husband's pre-marital portion of the account is preserved to him." However, regarding the post-marital portion of the account, the family court found that while marital funds were deposited into the account, no documentation tracking the account between the date of marriage and the date of separation was provided to the family court to aid in its resolution of this issue. Therefore, the family court held that "[t]he presumption that the account is subject to equitable distribution was not overcome." *See Syl. Pt. 4, Mayhew v. Mayhew*, 205 W. Va. 490, 519 S.E.2d 188 (1999) (holding that the party seeking to exclude property from the marital estate that is presumptively marital property has the burden of persuasion on that issue for purposes of equitable distribution). *See also In Interest of Tiffany Marie S.*, 196 W. Va. 223, 231, 470 S.E.2d 177, 185 (1996) (A reviewing court may not overturn a family court's finding simply because it would have decided the case differently). Therefore, we affirm the family court's ruling that only $130,036.28 is subject to equitable distribution.

3

In her second cross assignment of error, Ms. Cork argues that the family court failed to apply the fair market value of the marital home at the date of separation in its equitable distribution calculation. We agree with Ms. Cork. The divorce order states:

> Wife requested the court to consider a Homelite internet valuation pertaining to the current fair market value of the martial home. See respondent's Exhibit 5. The court did not admit the exhibit as there was no foundation for it. However, on the face of the document it is noted that Homelite's valuation is within 7% of a home's value half of the time. The appraised value of $200,000 submitted by Husband is within 7% of the Homelite estimated fair market value. Even if respondent's Exhibit 5 had been admitted, due to the margin of error included on the face of the Homelite appraisal, the ruling would have been that the fair market value of the home is $200,000.

The family court ruled that the value of the marital home was appraised at $200,000. However, the equitable distribution calculation sheet lists the value as $143,500, which stems from a 2013 appraisal. Our state's highest court has held:

> Equitable distribution […] is a three-step process. The first step is to classify the parties' property as marital or non-marital. The second step is to value the marital assets. The third step is to divide the marital estate between the parties in accordance with the principles contained in [W. Va. Code § 48-7-103].

*Whiting v. Whiting*, 183 W. Va. 451, 452-53, 396 S.E.2d 413, 414-15 (1990). Here, the family court erred in its valuation of the marital home in the equitable distribution calculation by using an appraisal from 2013 rather than the fair market value at the time of the divorce. Therefore, we reverse the family court's ruling on this issue and remand for recalculation of the equitable distribution using an updated appraisal valuation.

Next, Ms. Cork asserts that she should also receive *Conrad* credits for her payment of marital debt during the parties' separation. As previously stated, this issue was not raised below and is therefore waived on appeal. *See Noble*, 223 W. Va. at 821, 679 S.E.2d at 653.

Although not included as an assignment of error, Mr. Cork requested that he be awarded attorney's fees and costs. Ms. Cork asserted that she has complied with all requests and has not acted in bad faith. Our resolution of this issue is guided by the following:

> In determining whether to award attorney's fees, the family law master should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the

divorce action necessary, and the reasonableness of the attorney's fee request.

Syl. Pt. 4 *Banker v. Banker,* 196 W. Va. 535, 474 S.E.2d 465 (1996). Here, the record reflects that both parties earned roughly the same income and had similar standards of living, nor is there any meaningful difference of degree of fault as to the divorce. Therefore, we do not believe that attorney's fees are warranted in this matter.

Accordingly, as to the family court's order entered on January 30, 2023, we affirm the family court's ruling with respect to its finding on marital waste, the $14,187 payment toward the lien on Mr. Cork's inherited property, and Mr. Cork's savings account. We reverse and remand the family court's ruling regarding Mr. Cork's guns and tools with directions that they should not be included in the parties' equitable distribution calculation. As to both parties' contention that they should receive *Conrad* credits, the matter was not raised below and therefore waived on appeal. Lastly, regarding the fair market value of the marital home, we remand the matter to family court with directions to recalculate equitable distribution with an updated marital home appraisal.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen